**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HIGHLAND PARK MEZZ LENDER LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER J. DONATELLI and LOUIS T. DONATELLI,<br><br>Defendants. | Case No. 1:25-cv-01614-RC |

**[PROPOSED] STIPULATED AGREEMENT AND ORDER**
**UNDER FED. R. EVID. 502(d)**

WHEREAS, Plaintiff Highland Park Mezz Lender, LLC and Defendant Louis Donatelli (together, "**the Parties**") jointly request that this Court issue this Order pursuant to Federal Rule of Evidence 502(d) to facilitate production and use of documents in this proceeding and to protect the Parties against waiver of privileges or protections attaching to those documents;

WHEREAS, the Parties may produce documents, answer interrogatories, and provide testimony and other information that may contain information covered by the attorney-client privilege or work product protection;

WHEREAS, absent a Court order, under certain circumstances, the production of privileged or protected information can operate as a waiver of the applicable privilege or protection in this case and other Federal or State proceedings;

WHEREAS, the Parties wish to expedite and facilitate the production of electronic and hard copy data, information, and documents, and to protect against waiver as a result of the inadvertent disclosure of attorney-client privileged communications or work product materials;

WHEREAS, Fed. R. Evid. 502(d) states that "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court - in which event the disclosure is also not a waiver in any other federal or state proceeding;"

WHEREAS, this Court finds good cause to issue an order pursuant to Fed. R. Evid. 502(d); and

WHEREAS, the Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this order.

IT IS HEREBY STIPULATED, AGREED, AND ORDERED that, pursuant to Fed. R. Evid. 502(d), a Party's inadvertent disclosure or production of any documents or information in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by that Party of the attorney-client privilege or work product protection as applicable to those documents.

The provisions of Fed. R. Evid. 502(b) are inapplicable to the production of documents or information under this Order. Specifically, there has been no waiver if a party discloses privileged or protected information, regardless of whether the party took reasonable steps to prevent the disclosure or to rectify the error.

Such inadvertently produced documents or information may be considered Confidential Information under the Stipulated Confidentiality Agreement and Protective Order contemporaneously filed in the above-captioned matter ("**Confidentiality Agreement**").

Any party receiving any such inadvertently produced documents or information shall return them to the producing party, upon request, within seven (7) business days of receiving such request, delete any versions of the documents it maintains, and make no use of the information

contained therein (except as otherwise provided in this Order), regardless of whether the receiving party agrees with the claim of privilege and/or work product protection.

Nothing in this Order shall prevent a receiving party from challenging the privilege or protection asserted by the producing party by following the procedure outlined in paragraph seven (7) of the Confidentiality Agreement and Protective Order. Pursuant to Fed. R. Civ. P. 26, the producing party bears the burden of establishing the privilege or protection of all such challenged documents. The receiving party may not use information contained in the challenged documents when contesting the privilege claim. The time periods herein can be extended if the parties agree in writing.

Disclosure of information or documents by the receiving party before the producing party designates the information as protected shall not be deemed a violation of this Order.

**SO ORDERED.**

Dated:____________________ ______________________________

HON. RUDOLPH CONTRERAS
UNITED STATES DISTRICT JUDGE

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

DATED this 1st day of August, 2025.

By: */s/David H. Bamberger*

David H. Bamberger (DC Bar No. 362285)
Olivia Houston (DC Bar No. 1741744)
**DLA Piper LLP (US)**
500 8th Street, N.W.
Washington, D.C. 20004
T: (202) 799-4500
F: (202) 799-5500
david.bamberger@us.dlapiper.com
olivia.houston@us.dlapiper.com

*Counsel for Plaintiff Highland Park Mezz Lender, LLC*

By: */s/Matthew J. Reynolds*

Robert Bittman (DC Bar No. 464947)
**BITTMAN LAW FIRM PLLC**
1455 Pennsylvania Ave, NW
Suite 400
Washington, DC 20004
T: (202) 360-0360
rbittman@bittmanlaw.com

- and -

Matthew J. Reynolds (DC Bar No. 1552566)
**HUTH REYNOLDS LLP**
7800 Grampian Court
Chesterfield, VA 23838
T: (646) 872-9353
F: (646) 664-1512
reynolds@huthreynolds.com

*Counsel for Defendant Louis Donatelli*